**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julio GONZALEZ–ZAMUDIO,
Defendant–Appellant.**

No. 15–30003.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 21, 2015.*

Filed Sept. 25, 2015.

Byron Chatfield, Assistant U.S., USME–Office of the U.S. Attorney, Medford, OR, Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Brian C. Butler, Assistant Federal Public Defender, FPDOR–Federal Public Defender's Office, Medford, OR, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Julio Gonzalez–Zamudio appeals from the district court's judgment and challenges the 57–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez–Zamudio contends that his sentence is substantively unreasonable in light of (i) the age of his prior conviction, which triggered a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A); (ii) his history and circumstances; and (iii) the fact that he was sentenced to 27 months for a prior illegal reentry. The district court did not abuse its discretion in imposing Gonzalez–Zamudio's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Gonzalez–Zamudio's criminal and immigration history. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.